IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CARUSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| THE CITY OF ST. LOUIS, | ) |
| MISSOURI, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

### **PARTIES & JURISDICTION**

1. At all times relevant herein, Plaintiff, Michael Caruso (hereinafter "Caruso"), was and is a resident of the City of St. Louis, in the State of Missouri and a citizen of the United States of America. At all times relevant herein, Caruso was employed by the City of St. Louis through the Metropolitan Police Department, City of St. Louis (hereinafter "Department"), located in the Eastern Division of the Eastern District of Missouri.

2. Defendant City of St. Louis, Missouri (hereinafter "City") is a municipal corporation organized and existing under the laws of the State of Missouri. More specifically, it is a charter city that operates the Department.

3. The adverse employment action Caruso suffered occurred in the City of St. Louis, State of Missouri, within the Eastern Division of the Eastern District of Missouri.

4. This action is brought pursuant to 29 U.S.C. § 621 *et seq.* and 42 U.S.C. §2000(e) *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

7. Caruso has been an employee of the Department since December 20, 1976. He was promoted to the rank of major in January 2013. He was later promoted to Lieutenant Colonel.

8. On August 17, 2016, Caruso filed a Complaint against Defendant City in the United States District Court for the Eastern District of Missouri alleging discrimination based on his gender and his race (hereinafter the "Discrimination Lawsuit").

9. On August 6, 2017, the Post-Dispatch publicly reported that the Discrimination Lawsuit ultimately settled for $300,000.00.

10. Caruso turned 65 on June 30, 2019. He was notified that employment would end at 5:00 p.m. the day before his birthday.

11. Caruso was fired in retaliation for filing the Discrimination Lawsuit against Defendant City.

12. Defendant City also terminated Caruso as a result of his age.

13. After Caruso was fired, Defendant filled his position with someone under the age of 65.

14. Caruso timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

15. The EEOC issued Caruso a "right to sue" letter on January 28, 2020.

16. As a direct and proximate result of the acts of the Defendant alleged herein, Caruso has suffered and will continue to suffer lost wages and other benefits of employment.

17. As a direct and proximate result of the acts of the Defendant alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish,

inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF ADEA

For Count I of Plaintiff's cause of action against Defendants, Plaintiff states:

18. Caruso alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of this Complaint.

19. Caruso was a member of a protected class because he was over the age of 40.

20. Caruso was qualified to perform the duties of his position and met Defendant's legitimate job expectations at the time of his wrongful discharge.

21. Caruso suffered an adverse employment action when he was fired by the Defendant because of his age.

22. Caruso's replacement was substantially younger than him.

23. Any purported reasons offered by Defendant for Caruso's discharge were nothing but pretext to cover-up Caruso's illegal termination because of his age.

24. The actions and practices complained of herein were in violation of Caruso's rights secured by 29 U.S.C. § 621 *et seq*.

25. As a direct and proximate result of the acts of the Defendant as alleged herein, Caruso was wrongfully discharged, resulting in lost wages and other benefits of employment.

26. As a direct and proximate result of the acts of the Defendant as alleged herein, Caruso has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

27. The conduct of the Defendant as set forth above was an intentional Violation of the ADEA or demonstrated a reckless disregard for the provisions of the ADEA, making an award of liquidated damages appropriate in this case.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against the Defendant and thereafter order Defendant to make him whole by awarding him damages for his lost wages and benefits of employment, as well as reinstatement or front pay. as well as for his emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation.  Plaintiff further requests that this Court award him liquidated damages, his costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the circumstances.

## COUNT II
## PLAINTIFF'S RETALIATION CLAIM PURSUANT TO TITLE VII

For Count II of Plaintiff's cause of action against Defendant, Plaintiff states:

28. Plaintiff alleges and incorporates by reference as if fully set forth herein, the preceding paragraphs of his Complaint

29. During his employment, Plaintiff suffered discrimination as described above.

30. Plaintiff filed a lawsuit as a result of the illegal discrimination he experienced as set forth above.

31. Plaintiff was retaliated against by Defendant when he was fired by Defendant because he opposed practices prohibited by Title VII, which was a materially adverse employment action.

32. There is a causal connection between Plaintiff's wrongful termination and his protected activity.

4

33. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq*.

34. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

35. As a direct and proximate result of the acts of the Defendant as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

36. The conduct of the Defendant as set forth herein was wanton, willful, and showed reckless indifference to Plaintiff's statutory rights as set forth above and/or its conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against the Defendant appropriate to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff Michael Caruso prays this Court enter judgment in his favor and against the Defendant and thereafter order Defendant to make him whole by awarding him damages for his lost wages and benefits of employment, reinstatement or front pay, as well as compensation for his emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, stress, and loss of reputation. Plaintiff further requests that this Court award him punitive damages against Defendant in such sum that will serve to punish it and to deter it and others from like conduct in the future, award Plaintiff his costs and attorneys' fees, and such other and further relief as may appear to the Court to be equitable and just under the totality of the circumstances.

        Respectfully submitted,

        **PLEBAN & PETRUSKA LAW, LLC**

By:      /s/ J.C. Pleban
        C. John Pleban, Mo. Bar No. 24190
        cpleban@plebanlaw.com
        Lynette M. Petruska, Mo. Bar No. 41212
        lpetruska@plebanlaw.com
        J.C. Pleban, Mo. Bar No. 63166
        JC@plebanlaw.com
        Benjamin P. Kates, Mo. Bar No. 65557
        bkates@Plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, MO  63117
        (314) 645-6666 - Telephone
        (314) 645-7376 - Facsimile

        *Attorneys for Plaintiff*